UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

RALPH E. WILLIAMS, JR.            )
                                  )
v.                                )   NO. 1:05-CV-319
                                  )   *Judge Mattice*
                                  )
HAMILTON COUNTY JUVENILE COURT    )
OFFICIALS (EN BANC), et al.       )

**MEMORANDUM OPINION**

Ralph E. Williams has filed a *pro se* petition for a writ of mandamus in connection with a case, now pending in the Hamilton County, Tennessee Juvenile Court, which involves his children.[1] The petitioner alleges that the presiding judge, other court officials, and a former district attorney have failed to uphold the Constitution and state law; have failed to perform their duties; and have engaged in a retaliatory conspiracy. He further charges that they have oppressed him, abused their authority, and obstructed justice. As relief, he asks for issuance of an order which: 1) removes his case from the juvenile court; 2) sanctions all participants in the alleged conspiracy; and 3) enjoins those persons from engaging in further illegal tactics.

The specific factual allegations pertaining to the purported judicial and official wrongdoing must be pieced together from the petitioner's other submissions. Apparently believing that the juvenile court had wrongly decided that their mother should have custody of the children, the petitioner filed a complaint, dated June 8, 2005, in the Tennessee Court of the Judiciary. In this

---

[1] According to a subpoena annexed as Attachment 2 to the petition, the petitioner is an adult defendant in that case.

complaint, he alleged judicial misconduct on the part of Judge Suzanne Bailey (or Referee Bruce Owens, who supposedly authored or approved the decision) in the handling of the case. Shortly thereafter, a subpoena was issued for the petitioner, commanding him to appear August 8, 2005, for his arraignment in the Hamilton County Juvenile Court. In response, the petitioner moved to disqualify Judge Bailey from the case, as well as Assistant District Attorney H. C. Bright. As support for this motion, the petitioner pointed to prior and pending suits he had instituted against Judge Bailey and others, presumably implying that Judge Bailey and A.D.A. Bright were biased against him. Claiming that he could not receive a fair hearing in the courts in Hamilton County, he asked that his case be transferred to a Davidson County court. This petition followed.

The petition, however, must be dismissed because a federal district court has no authority to issue a writ of mandamus directing a state court or state judicial officers in the performance of their duties. *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970). This is true even where the alleged wrongdoing "is anchored to alleged deprivations of federally protected ... rights." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 (1983). Hence, although the petitioner alleges that he has been deprived of fair proceedings in the state court, this Court has no subject matter jurisdiction to grant the petitioner the relief he requests.

Secondly, even if subject matter jurisdiction existed, it would be appropriate to deny the petition here. Mandamus is an extraordinary remedy justified only under circumstances "amounting to a judicial usurpation of power." *Will v. United States*, 389 U.S. 90, 95 (1967). A petitioner invoking mandamus must show he has no other adequate means of relief and that his right to such relief is "clear and indisputable." *In re Ford*, 987 F.2d 334, 341 (6th Cir.), *cert. denied*, 506 U.S. 862 (1992). In this instance, the petitioner has failed to meet these prerequisites. Nor can he, since

2

he has another adequate remedy: His claims of constitutional violations may be asserted in the pending case in juvenile court, and if he is unsuccessful, on appeal to a higher state court.

Finally, the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971), would also apply. Under this doctrine, federal courts must abstain from entertaining lawsuits by individuals seeking to enjoin a criminal prosecution against them in state court where those proceedings implicate important state interests and the plaintiff has an adequate opportunity to raise his challenges in that forum. *See O'Shea v. Littleton*, 414 U.S. 488, 499-504 (1974). The doctrine also applies in an action to enjoin state juvenile court proceedings adjudicating custody matters. *Furr-Barry v. Underwood*, 59 Fed Appx. 796, 2003 WL 1193098 (6th Cir. Mar. 13, 2003). *See also Juidice v. Vail*, 430 U.S. 327, 335-36 (1977) (Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interfere(s) with the legitimate activities of the Stat(e).") (quoting *Younger*, 401 U.S. at 44). All of the factors supporting abstention are present here, and the Court would abstain from interfering in the ongoing state juvenile proceedings.

Accordingly, in view of the above analysis, this action will be **DISMISSED** by separate order.

**ENTER**:

    *s/ Harry S. Mattice, Jr.*
    HARRY S. MATTICE, JR.
    UNITED STATES DISTRICT JUDGE